IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| THE WESTBROOK CO., ) | C.A. No. 0:11-CV-1169-CMC |
| ) | |
| Plaintiff, ) | OPINION AND ORDER |
| ) | ON MOTION TO DISMISS |
| v. ) | (Dkt. No. 9) |
| ) | |
| HANOVER INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff, The Westbrook Co. ("Plaintiff"), seeks recovery under a Labor and Material Payment Bond ("the Bond"). The Bond was issued by Defendant Hanover Insurance Company ("Defendant") as surety for Reid Construction Company ("Reid") on a construction project in Lancaster County, South Carolina ("Project"). Plaintiff alleges that it was a subcontractor for Reid and has not been fully paid for labor, materials and services provided on the Project.

The matter is before the court on Defendant's motion to dismiss all causes of action. Dkt. No. 9. The motion has been resolved as to the third and fourth causes of action through Plaintiff's stipulation of dismissal of those causes of action. Dkt. No. 15. To the extent not rendered moot by this stipulation, the motion is denied for the reasons set forth below.

**STANDARD**

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of its claims that entitles it to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore*

*Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, F.3d at 302). *See also Wolman v. Tose*, 467 F.2d 29, 33 n.5 (4th Cir. 1972) ("Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present.").

Thus, in applying Rule 12(b)(6) the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, a plaintiff in any civil action must include more than mere conclusory statements in support of its claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (court need only accept as true the complaint's *factual* allegations, not its legal conclusions); *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

## DISCUSSION

### I.  Statute of Limitations

It appears to be undisputed, at least for purposes of the motion to dismiss, that a one-year limitations period applies to Plaintiff's claims. What is in dispute is whether that period is triggered by the date Plaintiff last furnished labor, materials or services for the Project (Defendant's position)

2

or by the date Reid, the contractor and principal on the bond, last performed work on the project (Plaintiff's position).[1]

Defendant argues that Plaintiff's claim is time barred as a matter of law in light of Plaintiff's admission that it last furnished labor or materials on January 15, 2010 – more than a year before this action was initiated (April 11, 2011).[2] This argument relies on S.C. Code Ann. § 29-5-440 which provides, in relevant part, as follows: "No suit under this section shall be commenced after the expiration of one year after the last date of furnishing or providing labor, services, materials or rental equipment."

While this paragraph does not specifically state that the "last date of furnishing" refers to furnishing by the claimant-subcontractor (as opposed to furnishing by the principal-contractor), an earlier paragraph within the same section of the Code (creating the underlying claim) supports this interpretation:

> Every person who has furnished labor, material, or rental equipment to a bonded contractor or its subcontractors in the prosecution of work provided for in any contract for construction, and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed *by him* or material or rental equipment was furnished or supplied *by him* for which such claim is made, shall have the right to sue on the payment bond for the amount, or the balance thereof, unpaid at the time of the institution of such

---

[1] Defendant effectively concedes that Plaintiff's claim would be timely if the principal's last work serves as the trigger. *See* Dkt. No. 9-1 at 4 ("Plaintiff sought to evade [the timeliness bar] by alleging not the date of its last furnishings on the Project, but the date of Reid's (the Bond Principal['s]) last work on the Project. Since Reid's last work was approximately five (5) months later, Plaintiff is trying to resurrect a time barred claim.").

[2] The alleged admission is found in an Affidavit of Claim which Defendant attaches to its motion to dismiss. Dkt. No. 9-2. The court need not decide whether this document may properly be considered on motion to dismiss because it concludes the motion should be denied even if the Affidavit is properly considered at this stage of the proceedings.

>   suit and to prosecute such action to final execution and judgment for the sum or sums justly due him.

S.C. Code Ann. § 29-5-440 (emphasis added). Defendant relies on the above-quoted language, most particularly the references to "by him," in arguing that the trigger date is the date the claimant last furnished labor, materials or services. Application of this trigger date would render Plaintiff's claim untimely if the court considers the Plaintiff's Affidavit of Claim (*supra* n. 2).

Plaintiff does not challenge this interpretation of the statute or Defendant's reliance on the Affidavit of Claim as establishing the date Plaintiff last furnished labor, materials or services. Instead, Plaintiff argues that the trigger date was modified by the following language found in the Bond:

>   3.    No suit or action shall be commenced hereunder by any claimant:
>
>   \* \* \*
>
>   b)    After the expiration of one (1) year *following the date on which Principal ceased Work* on said Contract, it being understood, however that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

Dkt. No. 1-1 at 11 (Bond § 3(b) (emphasis added)). This trigger would render Plaintiff's claim timely under the facts alleged in the complaint

Defendant does not mention the above-quoted Bond provision in the portion of its opening memorandum that addresses the statute of limitations. Dkt. No. 9-1 at 3-4. Defendant does, however, refer to it in its second argument in which Defendant argues that the claim is defective for failure of "conditions precedent to . . . a claim." These "conditions precedent" are: (1) that the claim be filed in one of two specified venues; and (2) that the claim be filed within the time-frame referenced above.

4

In this section of its memorandum, Defendant argues that the Bond does not provide a "substitute statute of limitations" for two reasons. First, Defendant argues that "S.C. Code Ann. § 15-3-140 prohibits contract clauses *altering* actual statutory limitation periods." *Id.* at 6 (emphasis added). Second, Defendant argues the Bond language "merely create[s] a condition precedent for suit" and that this "intent is confirmed by the language in Article 3.b) of the Payment Bond which declares that the Bond provision shall be deemed to be amended 'so as to be equal to the minimum period of limitation permitted by such law.'" *Id.*

Defendant's reliance on Section 15-3-140 is misplaced as this section of the South Carolina Code only prohibits *shortening* of the statute of limitations. S.C. Code. Ann. § 15-3-140 ("No clause, provision or agreement in any contract . . . whereby it is agreed that either party shall be barred from bringing suit upon any cause of action arising out of the contract *if not brought within a period less than the time prescribed by the statute of limitations*, for similar causes of action, shall bar such action[.]") (emphasis added). Thus, this section does not preclude contractual *extensions* of the relevant statutory period.

Defendant's second argument is also without merit as it is based on a partial quotation of the relevant language that is misleading due to a significant omission. The language on which Defendant relies is preceded by a conditional clause. That clause triggers adoption of the state's minimum limitations period only "*if* any limitation embodied in this bond is prohibited by any law controlling the construction hereof[.]" Bond § 3(b) (emphasis added). As South Carolina law does

5

not prohibit contractual lengthening of the limitations period, the "if" clause does not come into play under the facts of this case.[3]

For the reasons set forth above, the court denies Defendant's motion to dismiss to the extent based on application of S.C. Code Ann. § 29-5-440.

## II.    Venue

Defendant also argues that this action is barred by failure of a condition precedent because Plaintiff did not file this action within a venue allowed under the Bond. Defendant's argument appears to confuse conditions precedent *to performance* under a contract with contractual limitations on legal actions.[4] Even if Defendant is correct in characterizing the contractual venue limitation as a condition precedent to suit, Plaintiff's error in filing in the wrong venue does not support dismissal because it could be and has been cured through less drastic means than a dismissal which would have the effect of a dismissal with prejudice.[5]

The relevant provision of the contract, a second subparagraph of section 3, reads as follows:

---

[3] Because Plaintiff last furnished labor, materials or services prior to the date Reid last worked on the Project the Bond's modification of the trigger date resulted in a limitations period greater than that allowed under Section 29-5-440 (accepting Defendant's interpretation of the statute). The result would be different if Reid ceased work before Plaintiff's last furnishing, as that would result in a shortening of the statute of limitations. Under those circumstances, Section 15-3-140 would allow the claimant to file suit under the *longer* period allowed by Section 29-5-440 in spite of the Bond language, thus triggering the Bond's "if" clause and alternative incorporation of the minimum statutory period.

[4] Defendant relies on cases involving conditions precedent to performance of a contractual obligation. In the case of the Bond, performance would include payment of a claim. Clearly, filing a legal action is not a condition precedent to payment of a claim under the Bond, otherwise, claims could only be paid as a result of litigation. If follows that any limitation on a legal action is not a condition precedent to performance under the Bond.

[5] Defendant argues that the venue error cannot now be cured because the time for filing even as stated in the Bond has now expired.

  3.  No suit or action shall be commenced hereunder by any claimant:

* * *

  c)  Other than in a state court of competent jurisdiction in and for *the county* or other political subdivision *of the state in which the Project*, or any part thereof, is *situated*, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

Bond §3(c) (emphasis added).

It appears to be undisputed that Plaintiff failed to file this action in the county in which the Project was situated. Thus, venue was improper under the Bond's venue provisions. Had Defendant raised this argument prior to removal, the state court would likely have transferred venue to the county in which the Project was situated. Thus, any defect in venue could have been resolved by transfer within the state court system on Defendant's motion.[6]

Instead, Defendant removed the matter to federal court. The division to which the action was removed encompasses both the county in which the action was filed and the county in which the Project is situated. Thus, Defendant's removal (1) prevented a transfer of venue within the state court system, and (2) caused a change of venue to a venue proper under the terms of the Bond. Notably, the ultimate venue is the same as if Plaintiff had filed the matter in the proper county in the first instance and Defendant had then removed. Defendant's decision to remove rather than seeking a change of venue was, therefore, an efficient means of curing the defect in the initial venue.

Under these circumstances, the court finds that any error in the initial venue was rendered harmless and has been cured by Defendant's removal of the matter to the district court. Defendant's motion to dismiss is, therefore, denied to the extent it rests on a claim of improper venue.

## CONCLUSION

---

[6] As Defendant did not seek a venue transfer, Plaintiff had no opportunity either to join or oppose the motion.

For the reasons set forth above, Defendant's motion is moot to the extent it seeks dismissal of the third and fourth causes of action. The motion is denied in all other respects.

IT IS SO ORDERED.

S/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
June 30, 2011